STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
                              FILED   SUPERIOR COURT DIVISION

COUNTY OF FORSYTH                       CASE NO. 18 CVS 1624



TANESHA HAMILTON,

     Plaintiff,

     v.

ARCAN CAPITAL, LLC and CMJD                **COMPLAINT**
WINSTON-SALEM APARTMENTS,
LLC d/b/a SEDGEFIELD                                (Class Action)
APARTMENTS,

     Defendants.

Plaintiff Tanesha Hamilton (hereafter "Plaintiff" or "Hamilton"), on behalf of herself and the proposed Class, files this Complaint against Defendants Arcan Capital, LLC and CMJD Winston-Salem Apartments, LLC d/b/a Sedgefield Apartments (hereinafter "Defendants") and states:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff Hamilton and others similarly situated due to unlawful and unfair debt collection practices engaged in by Defendants in their attempts to collect upon court costs, fees, penalties, and other improper charges, when such costs, fees, and charges are not owed.

2. This case arises under the Residential Rental Agreements Act, N.C.G.S. § 42-38 *et seq.*, the Uniform Commercial Code - Negotiable Instruments, N.C.G.S. § 25-3-506, the North Carolina Debt Collection Act, N.C.G.S. § 75-50 *et seq.*, the North Carolina common law of contracts, and the Uniform Declaratory Judgment Act, N.C.G.S. § 1-253, *et seq.*

3. This is a class action, filed pursuant to Rule 23 of the North Carolina Rules of

1

Civil Procedure on behalf of all tenants of any North Carolina apartment complex in which Defendant Arcan Capital, LLC (hereinafter "Arcan") provides property management services, including but not limited to tenants of the apartment complex known as Sedgefield Apartments ("Sedgefield Apartments") in Winston-Salem, North Carolina who pursuant to Defendants' standardized policies and procedures, have during the past four (4) years or will in the future (a) receive one or more communications from Defendants that violate North Carolina law as further set forth herein, and/or (b) have paid amounts in excess of those allowed by North Carolina law.

## JURISIDICTION AND VENUE

4. The foregoing allegations are incorporated by reference and realleged herein.

5. This Court has jurisdiction over the parties and this action pursuant to N.C.G.S. § 42-44, N.C.G.S. § 25-1-305, N.C.G.S. §§ 75-16 and 56, N.C.G.S. § 1-75.4 and N.C.G.S. § 1-253.

6. Venue is proper under N.C.G.S. § 1-79 in that Defendants maintain a place of business in Forsyth County, North Carolina, and have regularly engaged in business in Forsyth County, North Carolina.

## PARTIES

7. The foregoing allegations are incorporated by reference and realleged herein.

8. Plaintiff Hamilton is a citizen and resident of Forsyth County, North Carolina who at all relevant times, leased an apartment from Defendants at Sedgefield Apartments.

9. Plaintiff is a "tenant" subject to the protections of N.C.G.S. § 42-46.

10. Plaintiff is a "consumer" as defined by N.C.G.S. § 75-50.

11. Defendant Arcan Capital, LLC is, upon information and belief, incorporated

2

under the laws of the state of Georgia that maintains a place of business in Forsyth County, North Carolina, and has regularly engaged in business in Forsyth County, North Carolina.

12. Defendant CMJD Winston-Salem Apartments, LLC d/b/a Sedgefield Apartments ("Sedgefield Apartments") is, upon information and belief, a limited liability corporation incorporated under the laws of the state of North Carolina that maintains a place of business in Forsyth County, North Carolina, and has regularly engaged in business in Forsyth County, North Carolina.

13. Upon information and belief, Defendant Arcan employs the persons and other entities to operate the properties in North Carolina, including the Sedgefield Apartments.

14. Upon information and belief, Defendant Arcan is the only property management company engaged in the work and business of the Sedgefield Apartments and other North Carolina properties.

15. Upon information and belief, Defendant Arcan and Sedgefield Apartments are so closely related in ownership and management, and that each works closely in concert with the other, such that each has become the *alter ego* of the other.

16. With respect to all actions and decisions to this action, Defendants have operated as a single entity.

17. Defendants are each "landlords" as defined by N.C.G.S. §42-40(3).

18. At all times relevant to this action, Defendants, in the ordinary course of business as the lessors of residential real property, engaged in acts or practices affecting commerce within the meaning of N.C.G.S. §75-1.1.

19. Defendants are each "debt collectors" as defined by N.C.G.S. § 75-50.

3

## GENERAL BACKGROUND

20. The foregoing allegations are incorporated by reference and realleged herein.

21. Upon information and belief, at all times relevant to the allegations contained herein, Defendants have maintained a uniform, statewide policy of requiring any North Carolina tenant who fails to make a full and complete rental payment, or maintains a balance on their account ledger in excess of $0.00 after the 11th day of any given month to pay filing fees, sheriff service fees, and attorneys' fees (collectively the "Court Costs and Attorneys' Fees") in addition to those fees specifically authorized by N.C.G.S. § 42-46 (hereinafter the "Collection Policy").

22. Upon information and belief, pursuant to the Collection Policy, tenants owe, and are required to pay Court Costs and Attorneys' Fees even if: (a) the complaint in summary ejectment had not yet even been filed; (b) the complaint in summary ejectment is dismissed; or (c) a North Carolina Magistrate Judge orders Court Costs and Attorneys' Fees to be assessed against Defendants.

23. Upon information and belief, each and every tenant of a property owned or managed by Defendants, or either of them, is subject to the Collection Policy.

24. Upon information and belief, the Collection Policy is uniformly applied to each and every tenant that resides at any of the apartments owned or managed by Defendants.

25. Upon information and belief, the Collection Policy is mandatory throughout Defendants' properties; individual managers, employees, associates, or other agents of Defendants have no discretion as to the implementation of the Collection Policy.

26. When a tenant fails to make a full and complete rental payment, or maintains a balance on their account ledger in excess of $0.00 after the 5th day of any given month,

4

Defendants, pursuant to the Collection Policy, charge a late fee of 5% of the tenants' monthly rent.

27. Upon information and belief, pursuant to the Collection Policy, when a tenant fails to make a full and complete rental payment, or maintains a balance on their account ledger in excess of $0.00 on or around the 11th day of any given month, Defendants file legal action to evict the tenant.

28. Immediately after filing legal action to evict a tenant, or shortly thereafter, Defendants post to the tenant's account ledger the Court Costs and Attorneys' Fees as immediately due and owing.

29. The Court Costs and Attorneys' Fees posted to a tenant's account ledger are in addition to late fees and the fees specifically authorized by N.C.G.S. § 42-46, including the "Complaint-Filing Fee," which are also posted to the tenant's account.

30. Upon information and belief, pursuant to the Collection Policy, Court Costs and Attorneys' Fees are entered into a tenant's account ledger prior to a North Carolina court awarding such amounts to Defendants, and sometimes before a complaint in summary ejectment is even filed.

31. At the time the Court Costs and Attorneys' Fees are entered into the account ledger as immediately due and owing, there is no guarantee that Defendants will ever be awarded such fees by a North Carolina court.

32. Upon information and belief, entering the Court Costs and Attorneys' Fees on a tenant's account ledger as immediately due and owing is mandatory throughout Defendants' North Carolina properties; individual managers, employees, associates, or other agents of Defendants have no discretion as to the implementation of the Collection Policy.

5

33. Upon information and belief, after causing the Court Costs and Attorneys' Fees to be assessed against the tenant's account ledger, and with no guarantee such amounts will ever be awarded by a North Carolina court, Defendants begin attempting to collect upon the balance contained on the account ledger pursuant to its Collection Policy.

34. Upon information and belief, after the Court Costs and Attorneys' Fees are entered onto an individual's account ledger, there are no occasions in which Defendants will review and reconsider whether such Court Costs and Attorneys' Fees were improperly assessed.

35. Upon information and belief, even if a complaint in summary ejectment filed against a tenant is dismissed or not awarded, there are no occasions in which Defendants will review and reconsider whether such Court Costs and Attorneys' Fees were improperly assessed.

36. Upon information and belief, after the Court Costs and Attorneys' Fees are entered onto an tenant's account ledger, there are no occasions in which Defendants will remove such Court Costs and Attorneys' Fees from an individual tenant's account ledger.

## HAMILTON'S FACTS

37. On or about February 28, 2017, Hamilton entered into a lease contract with Defendants for an apartment in Sedgefield Apartments, 4755 Country Club Road, Apt. 101I, Winston-Salem, North Carolina, 27104 ("Apartment 101I") for a period from March 10, 2017 through March 9, 2018 (the "Lease"). The Lease is attached hereto as **Exhibit A.**

38. Pursuant to the Lease, Hamilton's total monthly rent for Apartment 101I is $795.00.

39. Pursuant to the Lease, if Hamilton did not pay all of her rent on or before the 5th day of the month, Defendants would charge a late charge of 5% of the monthly rent.

6

### September Eviction Charges

40. In September 2017, Hamilton was late making a payment, and she was charged $39.00 pursuant to N.C.G.S. § 42-46(a) (the "September Late Charge"). See attached **Exhibit B**

41. On September 26, Defendants initiated a Complaint in Summary Ejectment in the Small Claims Division of Forsyth County General Court of Justice, alleging Hamilton owed $795.00 in past due rent. See attached **Exhibit C**. In its September 26 Summary Ejectment Complaint, Defendants wrote that they "hereby omit[] any claim for rents or damages and is seeking possession of the premises only. [Defendants] reserve[] the right to seek any monetary damages in a separate civil action." See attached **Exhibit C**.

42. On or about September 28, 2017, after the filing of a complaint in summary ejectment against Hamilton, the Court Costs and Attorneys' Fees were placed on her account ledger in the amount of $191.00. See attached **Exhibit B**. However, no hearing had been held at this time and no attorney had appeared in Court to evict Hamilton and/or seek the award of Court Costs and Attorneys' Fees.

43. On October 11, 2017, Defendants obtained a judgment against Hamilton for summary ejectment, possession only. In the judgment, the magistrate taxed the costs of the action against Defendants. See attached **Exhibit D**..

### October Eviction Charges

44. In October, 2017, Hamilton was late making a payment, and she was charged $39.00 pursuant to N.C.G.S. § 42-46(a) (the "September Late Charge"). See attached **Exhibit B**.

45. On October 26, Defendants initiated a Complaint in Summary Ejectment in the Small Claims Division of Forsyth County General Court of Justice, alleging Hamilton owed $770.00 in past due rent. See attached **Exhibit E**. In its October 26 Summary Ejectment

Complaint, Defendants wrote that they "hereby omit[] any claim for rents or damages and is seeking possession of the premises only. [Defendants] reserve[] the right to seek any monetary damages in a separate civil action." See attached **Exhibit E**.

46. On or about October 30, 2017, after the filing of a complaint in summary ejectment against Hamilton, the Court Costs and Attorneys' Fees were placed on her account ledger in the amount of $191.00. See attached **Exhibit B.** However, no hearing had been held at this time and no attorney had appeared in Court to evict Hamilton and/or seek the award of Court Costs and Attorneys' Fees.

47. On November 8, 2017, Defendants obtained a judgment against Hamilton for summary ejectment, possession only. See attached **Exhibit F**. In the judgment, the magistrate taxed the costs of the action against Defendants. See attached **Exhibit F**.

48. Despite the fact that the Court taxed the costs of the two eviction actions to Defendants, Defendants did not, and have not, refunded the Court Costs and Attorneys' Fees charged in both September or October to Hamilton.

## COMMON CLASS ALLEGATIONS

49. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

50. Pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a class which consists of all tenants of Defendants' Apartments in North Carolina who (a) at any point within the four (4) year period preceding the filing of Plaintiff's Complaint and during its pendency (b) resided in one of the apartments owned or managed by Defendants' in North Carolina (c) were charged Court Costs and Attorneys' Fees prior to a North Carolina court taxing such Court Costs and Attorneys'

8

Fees to the particular individual (d) or actually paid such Court Costs and Attorneys' Fees to Defendants.

51. Excluded from the class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants and any entity in which Defendants has a controlling interest in Defendants and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the Class.

52. *Commonality*: Defendants, in renting an apartment unit to Plaintiff and each member of the proposed class, required Hamilton and each proposed class member to sign a residential rental lease agreement drafted by the National Apartment Association and would overcharge the members of the members of the class in excess of the amounts permitted by law when Plaintiff's and tenant's rent was overdue.

53. Within the four (4) year period preceding the filing of Plaintiff's Complaint, Defendants have charged Court Costs and Attorneys' Fees on or after the 11th day of the month even though they have not been awarded these fees at the time of charging them to the tenants.

54. Individual managers, employees, associates, or other agents of Defendants have no discretion as to the implementation of Defendants' policies and procedures, including the Complaint Filing Policy and Collection Policy.

55. Each and every member of the proposed Class is subject to Defendants' policies and procedures.

56. Each member of the proposed Class is a "tenant" subject to the protections of N.C.G.S. § 42-46.

57. Each member of the proposed Class is a "consumer" as defined by N.C.G.S. §

75-50.

58. Furthermore, common questions of law and fact predominate over any individual issues that may be presented, because Defendants have a pattern, practice and policy of charging tenants Court Costs and Attorney' after the 11th day of the month as described herein. Common questions include, but are not limited to:

    a. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect debt violates N.C.G.S. § 42-46 in that Defendants represent that a specific amount of debt may be increased by Court Costs and Attorneys' Fees prior to the award of such amounts by a North Carolina court;

    b. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Court Costs and Attorneys' Fees is illegal under N.C.G.S. § 42-46;

    c. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Court Costs and Attorneys' Fees violates N.C.G.S. § 75-1.1 *et seq.*;

    d. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect debt violates N.C.G.S. § 75-1.1 *et seq.* in that Defendants refuse to refund Court Costs and Attorneys' Fees after a Court taxes the cost of the action against Defendants.

    e. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Court Costs and Attorneys' Fees constitutes a violation of N.C.G.S. § 75-1.1 *et seq.* in that Defendants unlawfully claim attorneys' fees are due and owing despite the absence of any statutory authority granting such fees.

59. *Numerosity*: The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are readily identifiable through the

10

business records maintained by Defendants, and may be notified of the pendency of this action by published and/or mailed notice.

60. The requirements of Rule 23 are also met in that this class, upon information and belief, consists of hundreds present and former tenants of Defendants' Apartments who have either already been charged or will be charged with Court Costs and Attorneys' Fees in the future unless the illegal policy, practice and procedure is enjoined.

61. *Typicality*: The claims of the Plaintiff are typical of the claims of the proposed class and all are based on the same facts and legal theories, as all such claims arise out of Defendants' conduct in that Defendants have a specific policy of attempting to unlawfully collect debt from each member of the proposed Class Court Costs and Attorneys' Fees following the expiration of the 11th day of the month.

62. *Adequate Representation*: The Plaintiff is an adequate representative of the class in that the Plaintiff does not have antagonistic or conflicting claims with other members of the class. Plaintiff has also retained counsel experienced in the prosecution of complex class actions, including, but not limited to consumer class actions and fair debt collection practices.

63. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the putative class and has accepted such responsibilities.

64. *Predominance and Superiority*: The class is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual class members be required to bring separate

11

actions, this Court or courts throughout North Carolina would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

65. Further, Defendants have acted and refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION:
(Violation of the North Carolina Residential Rental Agreements Act
N.C.G.S. § 42-46)

66. All paragraphs of this complaint are incorporated herein as if fully restated.

67. Defendants' conduct as described above is subject to N.C.G.S. § 42-46 of the Residential Rental Agreements Act.

68. N.C.G.S. § 42-46(e)-(h) specifically limits the amounts that can be charged to a tenant for eviction related fees. Any amounts charged in excess of this limitation is against North Carolina's public policy and therefore void and unenforceable.

69. The Court Costs and Attorneys' Fees charged by Defendants to Plaintiff and members of the Class were separate from and in excess of the amount allowed under N.C.G.S. § 42-46 and constitute a violation of North Carolina law.

70. The amount of Court Costs and Attorneys' Fees charged by Defendants to Plaintiff and other members of the Class are in excess of the amounts allowed under N.C.G.S. § 42-46.

12

71.  As a proximate result of Defendants' conduct, Plaintiff and all members of the Class were damaged and are entitled to recover all amounts of Court Costs and Attorneys' Fees paid to Defendants in violation of N.C.G.S. § 42-46. This amount is in excess of $25,000.

## SECOND CAUSE OF ACTION
(Violation of North Carolina Debt Collection Act
N.C.G.S. § 75-50, *et seq.*)

72.  All paragraphs of this complaint are incorporated herein as if fully restated.

73.  Plaintiff and each member of the Class is a "consumer," as that term is defined by N.C.G.S. § 75-50.

74.  The amount purportedly owed to Defendants by Plaintiff and each member of the Proposed Class is a "debt," as that term is defined by N.C.G.S. § 75-50.

75.  At all times relevant to this action, Defendants, in the ordinary course of business as lessors of residential rental property, engaged in acts or practices affecting commerce within the meaning of N.C.G.S. § 75-1.1.

76.  Defendants, in seeking to recover past due rent, fees, and other charges, are "debt collectors" as defined by the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50.

77.  Defendants' actions described above constitute the collection of a "debt" under N.C.G.S. § 75-50.

78.  Defendants are subject to the requirements of N.C.G.S. § 75-50 *et seq.*, that prohibits certain activities by debt collectors.

79.  Defendants violated N.C.G.S. § 75-51 by collecting or attempting to collect debt by means of unfair threats, coercions, or attempts to coerce, including by collecting or attempting to collect debt by threatening to take action not permitted by law.

13

80. Defendants violated N.C.G.S. § 75-51(8) by threatening to take and taking actions not permitted by law, including, *inter alia*, threatening to assess and collect Court Costs and Attorneys' Fees without a legal justification.

81. Defendants violated N.C.G.S. § 75-54 by collecting or attempting to collect a debt by means of fraudulent, deceptive, and/or misleading representations, including, *inter alia*, threatening to assess and collect Court Costs and Attorneys' Fees without a legal justification.

82. Defendants' communications to Plaintiff and members of the Class constituted "communications attempting to collect a debt" subject to the disclosure requirement of N.C.G.S. § 75-54(2).

83. Defendants' violated N.C.G.S. § 75-55 by collecting or attempting to collect debt by using unconscionable means.

84. A violation of N.C.G.S § 42-46 constitutes an unfair debt collection attempt under N.C.G.S.§ 75-50 *et seq.*

85. Defendants collected or attempted to collect from Plaintiff and members of the class a charge, fee or expense incidental to the principal debt of the monthly rent owed, that was legally prohibited under N.C.G.S. 42-46, in violation of N.C.G.S. § 75-51(8), N.C.G.S. § 75-54, and N.C.G.S. §75-55 (2).

86. Defendants actions in violation of North Carolina's Unfair Debt Collection Act were willful.

87. Plaintiff and each member of the Class were injured by Defendants' actions and are entitled to damages to be established at trial as well as statutory damages per violation in an amount ranging from $500.00 to $4,000.00 per violation resulting from each of Defendants' unfair debt collection practices pursuant to N.C.G.S. §75-56.

14

88.    Plaintiff and each member of the Class were injured and sustained damages by Defendants' actions and are entitled to actual damages to be established at trial as well as statutory damages for each violation in the maximum amount allowed by law, as well as reasonable attorneys' fees for an amount in excess of $25,000.00.

## THIRD CAUSE OF ACTION
(Violation of the North Carolina Unfair and Deceptive Trade Practices Act
N.C.G.S. § 75-1.1, *et seq.*)

89.    All paragraphs of this complaint are incorporated herein as if fully restated.

90.    At all times relevant herein, Defendants were engaged in commerce in the State of North Carolina.

91.    The conduct of Defendants as set forth herein is against the established public policy of the State of North Carolina; is unethical, oppressive, unscrupulous, and substantially injurious to the consumers of North Carolina; and has the capacity and tendency to deceive the average consumer.

92.    Defendants' violations of the UDTPA include, but are not limited to, (a) misrepresenting the character, amount, or legal status of the obligation alleged to be owed by Plaintiff and each member of the class; (b) employing a system, policies, and procedures for the collection of debt which is unfair, deceptive, and misleading, and not permitted by both the public policy of North Carolina and the express statutory provisions of N.C.G.S. § 42-46; (c) utilizing false representations and deceptive measures to collect or attempt to collect Court Costs and Attorneys' Fees which are unlawful; (d) undertaking actions which Defendants knew, or should have known, offends well-established public policy, state law, and was otherwise unlawful, unfair, deceptive, misleading, coercive, and substantially injurious to consumers, such as Plaintiff; and (e) employing and otherwise undertaking the aforementioned procedures, policies, actions, and methods with the explicit knowledge that such conduct was in violation of

15

applicable North Carolina law.

93. The matters alleged herein were done willfully, or with the conscious disregard of the rights of Plaintiff and each member of the Class.

94. Plaintiff and members of the Class suffered actual injury as a result of Defendants' unfair actions. Such injury consists of, but is not limited to emotional distress damages and money damages resulting from Defendants' demanding and obtaining fees and costs in excess of amounts allowed pursuant to North Carolina law from Plaintiff and each member of the Class.

95. Defendants' actions were in or affecting commerce and constitute unfair and deceptive trade practices, which are proscribed by Chapter 75 of the North Carolina General Statutes.

96. Plaintiff and each member of the Class have been damaged and are entitled to recover treble damages and attorneys' fees incurred in this action.

## FOURTH CAUSE OF ACTION
(Petition for Injunction N.C.G.S. § 1-485, *et seq.*)

97. All paragraphs of this complaint are incorporated herein as if fully restated.

98. Hamilton and each member of the Class seek a temporary and permanent injunction enjoining Defendants from attempting to unlawfully collect upon debt as set forth herein pursuant to N.C.G.S. § 1-485, *et. seq.*

## FIFTH CAUSE OF ACTION
(Petition for Declaratory Judgment N.C.G.S. § 1-253, *et seq.*)

99. All paragraphs of this complaint are incorporated herein as if fully restated.

100. Hamilton and the members of the Class file this Petition for a Declaratory Judgment under N.C.G.S. Chapter 1, Article 25, and the Court has jurisdiction of this matter

16

under such statute.

101. Hamilton and the members of the Class have an actual controversy with Defendants resulting from Defendants' erroneous interpretation of the applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff; and members of the proposed Class respectfully request that this Court:

1. Assume jurisdiction over this action;

2. Certify the Class and appointing Plaintiff and her counsel to represent the class;

3. Issue a declaratory judgment that Defendants' actions as set forth herein violated the rights of Plaintiff and each member of the Proposed Class pursuant to N.C.G.S. § 75-54, or in the alternative N.C.G.S. § 75-1.1;

4. Issue a declaratory judgment that Defendants' actions as set forth herein violated the rights of Plaintiff and each member of the Proposed Class pursuant to N.C.G.S. § 75-55, or in the alternative N.C.G.S. § 75-1.1;

5. Issue a declaratory judgment that Defendants' Standard Lease and any substantially similar residential lease agreement used by Defendants is contrary to N.C.G.S. § 42-46 and therefore void and unenforceable as against public policy;

6. Enjoin Defendants from collecting or attempting to collect any payment of Court Costs and Attorneys' Fees from members of the Proposed Class unless and until a North Carolina court taxes the costs of such action against a tenant;

7. Award Plaintiff and each member of the Proposed Class compensatory damages in an amount to be determined at trial;

8. Award Plaintiff and each member of the Proposed Class punitive damages

17

amount to be determined at trial;

9. Award Plaintiff and each class member a statutory penalty in the amount of no more than $4,000 for each violation of N.C.G.S. § 75-50 *et seq.*;

10. Award Plaintiff and each class member damages calculated pursuant to N.C.G.S. § 75-8 for each week that Defendants' illegal conduct occurred;

11. Award Plaintiff all statutory and actual damages to which she is entitled separate and apart from the Proposed Class in an amount in excess of $25,000.00;

12. Treble all damages resulting from a violation of N.C.G.S. § 42-46 in accordance with N.C.G.S. § 75-1.1;

13. Award attorneys' fees to Plaintiff and members of the Proposed Class pursuant to N.C.G.S. § 75-16.1;

14. Tax the costs of this action to Defendants, or any of them;

15. Allow a trial by jury on all issues so triable; and

16. Grant Plaintiff and the members of the Proposed Class such other and further relief as the Court deems just and proper.

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted on this 21st day of March, 2018.

WHITFIELD BRYSON & MASON LLP

*/s/ Scott C. Harris*

Scott C. Harris
N.C. Bar No.: 35328
Patrick M. Wallace
N.C Bar No.: 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
scott@wbmllp.com
pat@wbmllp.com

MAGINNIS LAW, PLLC
Edward H. Maginnis
N.C. State Bar No. 39317
Karl S. Gwaltney
N.C. State Bar No. 45118
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919-526-0450
Fax: 919-882-8763
emaginnis@maginnislaw.com
kgwaltney@maginnislaw.com

*Attorneys for Plaintiff Tanesha Hamilton and the proposed Class*